# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL CASE NO. 2:12-cv-00071-MR
# [Criminal Case No. 2:93-cr-00019-MR-1]

| | | |
|---|---|---|
| GRADY WILLIAM POWERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] and on Petitioner's Motion to Appoint Counsel [Doc. 2].

## PROCEDURAL HISTORY

On September 24, 1993, after a jury trial, Petitioner was convicted in this Court of engaging and attempting to engage in a sexual act with a minor under the age of 12, in violation of 18 U.S.C. § 2241(c). [See Criminal Case No. 2:93cr19, Doc. 1-1: Judgment]. On January 10, 1994, this Court sentenced Petitioner to 480 months in prison. [Id.]. Petitioner appealed, and on July 14, 1995, the Fourth Circuit affirmed the conviction and sentence in a published opinion. United States v. Powers, 59 F.3d

1460 (4th Cir. 1995). The U.S. Supreme Court denied certiorari on January 16, 1996. See Powers v. United States, 516 U.S. 1077 (1996).

On February 9, 1999, Petitioner filed a habeas petition under 28 U.S.C. § 2254 in the Middle District of Florida, challenging his conviction. The Middle District of Florida construed the Section 2254 petition as a motion to vacate under Section 2255, and transferred the action to this Court on October 19, 2000. On January 11, 2001, this Court denied the motion to vacate with prejudice. [See Civil Case No. 2:00cv246, Docs. 1; 2].

Petitioner placed the instant petition in the prison system for mailing on August 16, 2012, and it was stamp-filed in this Court on August 24, 2012. See [Doc. 1 at 13]. In the instant petition, Petitioner seeks relief under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).[1] Petitioner states in the petition that he is entitled to Simmons relief because he is "innocent of felon in possession of firearm." [Doc. 1 at 4].

---

[1] In Simmons, the Fourth Circuit applied Carachuri–Rosendo v. Holder, 130 S.Ct. 2577 (2010), to hold that a prior conviction for which a defendant could not have received more than one year in prison does not qualify as a felony offense under federal law.

2

## STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

As noted above, this is the second Section 2555 petition filed by Petitioner challenging his conviction in Criminal Case No. 2:93-cr-19.[2] Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner

---

[2] The Court further notes that a Westlaw search also shows that on January 9, 1997, the Fourth Circuit Court of Appeals dismissed an appeal of the denial of another motion to vacate brought by Petitioner challenging the conviction in Criminal Case No. 2:93cr19. See United States v. Powers, 105 F.3d 649 (4th Cir. 1997). Oddly, this Court's docket, however, contains no record of another Section 2255 petition filed by Petitioner, and the Fourth Circuit opinion does not contain a civil case number from this Court.

must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place.").

Even if this action were not an unauthorized, successive petition, the petition would still be subject to dismissal as untimely. Further, it must be noted that Petitioner was convicted of engaging and attempting to engage in a sexual act with a minor under the age of 12, in violation of 18 U.S.C. § 2241(c), not, as he claims, of possessing a firearm after having been convicted of a felony. As such, the rationale of Simmons does not affect the validity of his conviction, and it is difficult for the Court to see this Petition as anything short of frivolous.

Finally, the Court finds that Petitioner has not made a substantial

showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel [Doc. 2] is **DENIED** as moot.

**IT IS SO ORDERED.**

Signed: September 6, 2013

Martin Reidinger
United States District Judge