# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### BRYSON CITY DIVISION
### CIVIL CASE NO. 2:12-cv-00071-MR
### [CRIMINAL CASE NO. 2:93-cr-00019-MR-1]

| | |
|---|---|
| GRADY WILLIAM POWERS,   ) | |
|         ) | |
|        Petitioner,   ) | |
|         ) | |
| vs.   ) | **ORDER** |
|         ) | |
| UNITED STATES OF AMERICA,   ) | |
|         ) | |
|        Respondent.   ) | |
| _____ ) | |

THIS MATTER comes before the Court on Petitioner's Motion for Reconsideration [Doc. 5].

## BACKGROUND

Petitioner is serving a 480-month sentence after being convicted of engaging and attempting to engage in a sexual act with a minor under the age of twelve, in violation of 18 U.S.C. § 2241(c).  On or around August 16, 2012, Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, in which he claimed that he was entitled to relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).  On

September 6, 2013, this Court denied and dismissed Petitioner's motion to vacate as a successive petition.[1] [Doc. 3].

On September 19, 2013, Petitioner filed the pending motion for reconsideration, which is in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'"

---

[1] The Court also noted that the petition was untimely and further without merit because Simmons does not even apply to Petitioner.

<u>Woodrum v. Thomas Mem'l Hosp. Found., Inc.</u>, 186 F.R.D. 350, 351 (S.D.
W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay
Kane, <u>Federal Practice and Procedure</u> § 2810.1 (2d ed. 1995)).

## DISCUSSION

Petitioner has not shown the existence of the limited circumstances
under which a Rule 59(e) motion may be granted.   That is, Petitioner's
motion does not present evidence that was unavailable when he filed his
motion to vacate, nor does his motion stem from an intervening change in
the applicable law.   Furthermore, Petitioner has not shown that a clear error
of law has been made, or that failure to grant the motion would result in
manifest injustice to him.  <u>See Hill</u>, 277 F.3d at 708.  In sum, the Court will
deny Petitioner's motion for reconsideration.

## CONCLUSION

Based on the foregoing, the Court concludes that Petitioner's Motion
for Reconsideration will be denied.

The Court finds that the Petitioner has not made a substantial
showing of a denial of a constitutional right.  <u>See generally</u> 28 U.S.C. §
2253(c)(2); <u>see also</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38, 123 S.Ct.
1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a "petitioner
must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).   Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right.   Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). As a result, the Court declines to issue a certificate of appealability.   See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Reconsideration [Doc.  5] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**   Signed: October 14, 2013

Martin Reidinger
United States District Judge